CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HEATHER A. BOOTHE, | ) |
| | ) Civil Action No. 7:17CV00110 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| NANCY A. BERRYHILL, Acting | ) Senior United States District Judge |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Heather A. Boothe, was born on November 13, 1974, and eventually completed her high school education. She also attended a local community college for a few years, but did not obtain a degree. Ms. Boothe has worked as a cashier and convenience store manager. She last worked on a regular and sustained basis in 2011. On December 28, 2012, Ms. Boothe filed applications for disability insurance benefits and supplemental security income benefits. In filing her current claims, Ms. Boothe alleged that she became disabled for all forms of substantial gainful employment on October 1, 2011, due to diabetes, neuropathy, arthritis of the

spine, scoliosis, and heart problems. (Tr. 238). Ms. Boothe now maintains that she has remained disabled to the present time. With respect to her application for disability insurance benefits, the record reveals that Ms. Boothe met the insured status requirements of the Act through the fourth quarter of 2016, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2016.

Ms. Boothe's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 28, 2015, the Law Judge also determined that Ms. Boothe is not disabled. The Law Judge found that Ms. Boothe suffers from several severe impairments, including obesity, hypertension, degenerative disc disease, osteoarthritis, diabetes, and peripheral neuropathy. (Tr. 22). Nevertheless, the Law Judge determined that Ms. Boothe retains the residual functional capacity to perform a limited range of light exertional activity. More specifically, the Law Judge found that plaintiff is capable of performing "light work,"[1] except that she can only "occasionally operate foot controls, climb, kneel, crawl, and reach overhead," and can "never climb ladders, ropes, or scaffolds." (Tr. 26). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Ms.

---

[1] "Light work" is defined in the regulations as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

2

Boothe remains capable of performing her past relevant work as a cashier or convenience store manager. In the alternative, the Law Judge found that if even if Ms. Boothe is disabled for past relevant work, she retains the capacity to perform other work roles existing in significant number in the national economy. Accordingly, the Law Judge concluded that Ms. Boothe is not disabled, and that she is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(f)-(g) and 416.920(f)-(g).

Ms. Boothe then sought review by the Social Security Administration's Appeals Council. In connection with her request for review, Ms. Boothe submitted additional evidence to support her claims for benefits. The new evidence included additional treatment records from the Pulaski Free Clinic dated December 3, 2015 through December 22, 2015, as well as an opinion letter from Dr. Robert B. Stephenson, a board certified orthopaedic surgeon who examined Ms. Boothe on February 10, 2016.

In his opinion letter, Dr. Stephenson noted that Ms. Boothe has "a long history of progressive low back pain" and a "longstanding history of diabetes mellitus, which has been difficult to control." (Tr. 41). The letter indicates that Dr. Stephenson reviewed x-rays of Ms. Boothe's lumbar, cervical, and thoracic spine, taken in 2012 and 2013, which showed "degenerative changes throughout." (Tr. 44). He also reviewed the results of a lumbar MRI scan performed on December 10, 2015, noting as follows:

> Review of report today reveals several areas of small/mild disc bulging with osteophytes are noted, especially at the L4-5 level, causing mild spinal stenosis. At L5-S1, there is a larger disc bulge/osteophyte complex eccentric to the left side with facet hypertrophy causing mild impingement of the exiting L5 nerve root in the left neural foramen.

(Tr. 42). Based on his review of existing medical records and his examination of plaintiff, Dr. Stephenson's diagnostic impression included "chronic back and neck pain related to underlying

3

degenerative changes of the cervical/thoracic/lumbar spine," "progressive diabetic neuropathy," and obesity. (Tr. 44). He rated Ms. Boothe's prognosis as "fair to poor," given the natural history of degenerative changes of the spine, and her difficulty losing weight. (Id.) Dr. Stephenson also provided the following opinions regarding Ms. Boothe's functional limitations:

> It is felt that the patient could be expected to sit and/or stand and/or walk up to a maximum of 2 hours each in an 8 hour workday with breaks as needed, including change in position or activity level, as discussed above. Patient has no need for any assistive devices for ambulation. It is felt that the patient could lift and/or carry up to 5 pounds frequently and approximately 10-15 pounds occasionally. The patient would have postural limitations regarding bending, stooping, crouching, etc., which she could do on an occasional basis. The patient could do manipulative activities regarding reaching and pushing and pulling on a nonstrenuous basis without restriction. The patient would have difficulty with repetitive handling, feeling, grasping, and fingering because of her decreased sensation due to diabetic neuropathy in a stocking-glove distribution. The patient should be limited from climbing ladders and also limited to only occasional stair use because of balance problems related to diabetic neuropathy. The patient reports that she typically uses a ramp rather than stairs when available. Patient should avoid exposure to vibration and/or cold because of aggravation of arthritic changes of the spine. For safety reasons, the patient should not engage in activities involving unprotected heights.

(Tr. 44-45).

The Appeals Council ultimately denied Ms. Boothe's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. In so doing, the Appeals Council considered the additional treatment records from the Pulaski Free Clinic but found that they did not provide a basis for changing the Law Judge's decision. As for the new opinion letter from Dr. Stephenson, the Appeals Council found that the letter was not chronologically relevant and thus declined to consider it. The Appeals Council commented as follows:

> We also looked at a letter from Dr. Robert B. Stephenson, M.D., dated February 10, 2016 (5 pages) .... The Administrative Law

> Judge decided your case through December 28, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 28, 2015.

(Tr. 2). Having exhausted all available administrative remedies, Ms. Boothe has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

On appeal, Ms. Boothe argues that the Appeals Council erred in refusing to consider the additional evidence from Dr. Stephenson. She maintains that Dr. Stephenson's opinion letter is chronologically relevant and material. For the following reasons, the court agrees with the plaintiff and finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

The Social Security regulations expressly permit claimants to submit additional evidence, not before the Law Judge, when requesting review by the Appeals Council. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.968 and 404.970); see also 20 C.F.R. §§ 416.1468 and 416.1470. In such cases, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the evidence is (a)

5

new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc) (citation and internal quotation marks omitted); see also 29 C.F.R. §§ 404.970(a)(5) and 416.1470(a)(5). If the Appeals Council erroneously refuses to consider additional evidence, "remand is appropriate."[2] Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015) (collecting cases); see also Parham v. Comm'r of Soc. Sec., 627 F. App'x 233, 233 (4th Cir. 2015) (concluding that an opinion questionnaire submitted to the Appeals Council "constitute[d] new and material evidence that should have prompted a remand to the ALJ for full and appropriate consideration").

As indicated above, the Appeals Council determined that the letter from Dr. Stephenson was not chronologically relevant because it was "about a later time," and therefore did not affect the decision as to whether Ms. Boothe was disabled on or before December 28, 2015. (Tr. 2). In order to be chronologically relevant, new evidence must "relate to the period on or before the date of the administrative law judge decision." 20 C.F.R. §§ 404.970(c) and 416.1470(c). Notably, "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the [c]laimant was disabled during the relevant period of time." Reichard v. Barnhart, 285 F. Supp. 2d 728, 733 (S.D. W. Va. 2003); see also Hunter v. Soc. Sec. Admin., 705 F. App'x 936, 940 (11th Cir. 2017) (observing that medical examinations conducted after a Law Judge's decision may still be chronologically relevant if they relate back to a time on or before such decision) (citing Washington, 806 F.3d at 1322-23); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 341 (4th Cir. 2012) (noting, in a related context, that

---

[2] Even when the Appeals Council considers additional evidence and then denies review, the record must provide an "'adequate explanation of [the Commissioner's] decision.'" Meyer, 662 F.3d at 707 (alteration in original) (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)). If the record does not provide an adequate explanation, remand is appropriate. Id.

"[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's [date last insured]").

Upon review of the record, the court concludes that the opinions contained in Dr. Stephenson's letter are chronologically relevant, even though Dr. Stephenson examined Ms. Boothe approximately six weeks after the Law Judge's decision. It is clear from Dr. Stephenson's letter that he reviewed and relied upon Ms. Boothe's medical records from the period preceding the Law Judge's decision, including the spinal x-rays taken in 2012 and 2013, and the lumbar MRI scan performed on December 10, 2015. Dr. Stephenson also considered plaintiff's statements about that same period, noting that plaintiff reported a "long history of progressive low back pain since approximately 2008" and a "longstanding history of diabetes mellitus, which has been difficult to control." (Tr. 41–42). Although Dr. Stephenson's letter does not specifically state that his opinions relate back to the date of the Law Judge's decision, there is no evidence that Ms. Boothe's impairments worsened during the relatively short period between the Law Judge's decision and Dr. Stephenson's evaluation. For these reasons, the court concludes that Dr. Stephenson's opinions "relate to the period on or before the date of the administrative law judge decision," and are therefore chronologically relevant. 20 C.F.R. §§ 404.970(c) and 416.1470(c); see also Washington, 806 F.3d at 1322–23 (concluding that the opinion of a psychologist who examined the claimant seven months after the Law Judge's decision was chronologically relevant, since the psychologist relied on, among other things, medical records from the period before the Law Judge's decision and the claimant's statements about that period of time, and there was no evidence that the claimant's cognitive skills declined in the period between the Law Judge's decision and the psychologist's evaluation).

7

The court also has little difficulty concluding that Dr. Stephenson's opinion letter is new and material. In this context, evidence is new "if it is not duplicative or cumulative," and evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96. Dr. Stephenson's letter plainly satisfies the newness requirement, since it was not part of the record as of the date of the Law Judge's decision, and it is not cumulative or duplicative of other evidence in the record. Although the record before the Law Judge included opinions from two state agency physicians, two consultative physicians, and a treating physician, Dr. Stephenson is the only physician who had the opportunity to review the lumbar MRI report in assessing plaintiff's functional limitations.[3] Dr. Stephenson relied on the results of the MRI and his own clinical examination of the plaintiff in opining that she is able to sit, stand, or walk for no more than two hours each in an eight-hour day, and can lift no more than ten to fifteen pounds frequently and five pounds occasionally. Dr. Stephenson's opinions are consistent with some of the other evidence in the record, including a December 3, 2015 report from Ms. Boothe's treating physician, Dr. Carl E. Hanks, which suggests that plaintiff's limitations are more restrictive than those found by the Law Judge in his determination of plaintiff's residual functional capacity. For these reasons, the court concludes that there is a reasonable probability that the new evidence from Dr. Stephenson would have changed the outcome of the administrative proceedings.

---

[3] The court notes that the Law Judge did not fully credit any of the opinions in the record before him. In deciding to afford "little weight" to the opinion of Dr. Richard Surrusco, a state agency physician who reviewed plaintiff's medical records in September of 2013, the Law Judge expressly noted that the physician "did not have the benefit of the later evidence that includes the MRI of the claimant's spine dated December of 2015," and that such evidence "supports more limitation than that assessed by Dr. Surrusco." (Tr. 31).

Because Dr. Stephenson's opinion letter qualifies as new, material, and chronologically relevant, the Appeals Council was required to consider it. See Wilkins, 953 F.2d at 95; see also 20 C.F.R. §§ 404.970(b) and 416.1470(b). Its refusal to do so requires remand. See Washington, 806 F.3d at 1323; Parham, 627 F. App'x at 233.

Accordingly, the court finds "good cause" to remand the case to the Commissioner for further development and consideration of the entire medical record, including all of the new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by any new medical evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

DATED: This 5th day of February, 2018.

_____
Senior United States District Judge